JOHN NOVAK ET ALS. vs. JOHN KURCON.

Third Judicial District, Bridgeport, April Term, 1912.
PRENTICE, THAYER, RORABACK, GEORGE W. WHEELER and RALPH WHEELER, Js.

A written release of an obligation, not under seal, does not discharge the obligation unless it was given upon good consideration.

The decisive issue in the present case was whether a certain obligation had been discharged. The defendant introduced in evidence a written unsealed release purporting to be signed by the plaintiff, and to establish a consideration offered evidence that the plaintiff had given it in satisfaction of a claim of the defendant for a prior breach of warranty, and this accord and the existence of the prior warranty were disputed and doubtful on the evidence. *Held* that the trial court erred in setting aside a verdict for the plaintiff on the ground that the jury must have found on the evidence that the plaintiff signed the release, and that, if signed by him, the release discharged the obligation in question.

Argued April 16th—decided July 19th, 1912.

ACTION to procure the release of a mortgage, and for damages, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Wolfe, J.;* verdict for the plaintiffs for $550 damages, which the trial judge set aside upon motion of the defendant, and the plaintiffs appealed. *Error; cause remanded with direction to render judgment upon the verdict.*

*Richard H. Tyner,* for the appellants (plaintiffs).

*William C. Mueller,* for the appellee (defendant).

THAYER, J. The plaintiff complained that the defendant, while he held the paper title to a parcel of

land in Wallingford belonging to the plaintiff, which was to be conveyed to the latter upon demand, mortgaged the same, without the plaintiff's knowledge, to secure his own note. Later, after the land had been conveyed to the plaintiff's wife by a quitclaim deed and the plaintiff had discovered the existence of the mortgage, the defendant, although requested, refused to procure a release of the same. This action was brought to compel the defendant to procure such release, or to pay a sum sufficient to enable the plaintiff to procure therewith the cancellation of the mortgage.

By a second defense the defendant alleged that the mortgage was placed upon the premises at the request of the plaintiff, to secure a debt owed by him, and also alleged facts showing that the defendant had previously assumed and agreed to pay this debt, but that the plaintiff, on the day the mortgage was given, released him from paying it, so that it again devolved upon the plaintiff to pay it.

Upon a denial of the allegations of this defense the parties were at issue to the jury. A verdict was returned for the plaintiff, which was set aside by the court. We think that the court erred in a matter of law in thus setting aside the verdict.

A written release, purporting to be signed by the plaintiff, discharging the defendant from all liability upon the debts assumed by him, was introduced in evidence by the defendant. The plaintiff testified that he did not sign it. In the court's memorandum of decision setting aside the verdict, it is stated that, upon the evidence, the jury must have believed that the plaintiff signed the release, and that, if it was signed by him, then the debt secured by the mortgage was the debt of the plaintiff, and not that of the defendant. It was upon this ground that the verdict was set aside. But to have the effect stated by the court, the release to have been

a valid one must have been given upon a good consideration. To establish a consideration for it, the defendant had alleged and attempted to prove that the plaintiff, while the defendant held title to the land, sold to the latter and two of his associates a bakery business in Meriden, in payment for which the defendant had assumed and agreed to pay bills owed by the plaintiff to three creditors, one of whom was the party to whom the mortgage was afterward given; that the plaintiff at the time of the sale stated that these three debts were the only ones which he owed on account of the business sold, and warranted the same against all claims and demands in excess of $700; and it was also alleged that there were other creditors, one of whom attached the bakery as the property of the plaintiff after the defendant had taken possession of it, and thereupon the defendant demanded of the plaintiff that he restore the business or release the defendant from paying the debts which he had assumed, and the plaintiff complied, giving the release in question. The plaintiff denied the warranty as well as the giving of the release. It would be difficult to find from the testimony introduced by the defendant that such warranty was given. It is unnecessary, however, to go into that inquiry. The release produced by the defendant was not under seal, and, unless the jury found that it was given upon the consideration alleged, it did not have the effect stated by the court, although the jury were satisfied that the plaintiff signed it. Presumably they found that there was no consideration for it, if, as the court suggests, they believed that the plaintiff signed it.

There was error in setting aside the verdict, and the judgment is reversed, and the cause remanded with direction to enter a judgment upon the verdict.

In this opinion the other judges concurred.